IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LEE RONK, | : | CIVIL NO. 3:09-CV-0236 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| GEORGE N. ZANIC, DISTRICT ATTORNEY, STATE OF PENNSYLVANIA | : : : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner, an inmate presently confined at that State Correctional Institution at Graterford, Graterford, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on February 5, 2009, attacking his 1984 Court of Common Pleas of Huntingdon County conviction for first degree murder and his sentence of life imprisonment.[1] (Doc. 1.) Preliminary review of the petition revealed that it may be barred by the statute of limitations. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond). Therefore, an order was entered affording the parties the opportunity to address the timeliness of the petition and any applicable tolling of the statute of limitations. (Doc. 5.)

---

[1]Respondent mistakenly cites 28 U.S.C. § 2255 as the applicable statute. Section 2255 is only applicable to persons in federal custody. Section 2254 is the statute that governs persons in state custody, as is the case here.

Respondent filed his response on March 4, 2009, asserting that the petition was untimely. (Doc. 9.) Petitioner filed an objection to the response on March 16, 2009. (Doc. 10.) Following careful consideration of the parties' submissions, and for the reasons discussed below, the court concludes that the petition is subject to dismissal because it is not timely filed. See 28 U.S.C. § 2244(d).

I. **Background**[2]

In 1984, Petitioner was convicted of first degree murder in the Court of Common Pleas of Huntingdon County. On or about November 21, 1984, he was sentenced "to no less than the remainder of [his] natural life" in prison. (Doc. 3, at 3, ¶ 6.) The state docket does not indicate that petitioner pursued direct appeal proceedings. Respondent, however, presumes that "Petitioner has exhausted all state remedies including a Post Conviction Relief Act Petition that was denied and concluded on February 1, 1996, when the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal." (Doc. 9, at 2.) The docket sheet indicates that on November 16, 1994, he filed a notice of appeal to the superior court. A January 3, 1995 docket notation states "Transcript of proceedings, filed (motions-PCRA, July 7, 1994)." The superior court affirmed the lower court on July 13, 1995. Commonwealth v. Ronk, 446 Pa.Super. 682, 667 A.2d 423 (Table) (1995). Petitioner filed a petition for allowance of appeal to the supreme court, which was denied on February 1, 1996.

---

[2]The background was extracted from the parties' submissions and the Pennsylvania Judiciary's Web Application Portal for electronic services found at http://ujsportal.pacourts.us.

2

Commonwealth v. Ronk 543 Pa. 703, 670 A2d 643 (Table) (1996). No further action has been pursued in state court.

## II. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v.

Frank, 264 F.3d 310, 314 (3d Cir. 2001) *overruled in part by* Carey v. Saffold, 536 U.S. 214 (2002) (finding that an untimely petition for state collateral review is not properly filed, thereby overruling Nara to the extent it implied that an untimely petition for state collateral relief may be deemed properly filed under AEDPA .) However, if direct review of a criminal conviction ended prior to the statute's effective date, then, under Third Circuit precedent, a prisoner has a one-year grace period subsequent to the effective date of April 24, 1996, to commence a habeas action. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998).

Petitioner was sentenced on November 21, 1984. The direct review notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. PA. R. APP. P. 903. "If a defendant does not pursue a timely direct appeal, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). In the instant case, his judgment became final on December 21, 1984, thirty days after the expiration of the direct appeal period. Because this date preceded April 24, 1996, the effective date of the AEDPA, the one-year grace period under the AEDPA applies, and Petitioner's deadline to file a timely federal habeas petition became April 24, 1997. The instant petition was filed on February 5, 2009, almost twelve years after the deadline, and is clearly untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

A.  **Statutory Tolling**

4

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place and filing. Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the limitations period runs out. Otherwise, there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period). An untimely PCRA is not "properly filed" and does not toll the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C.A. § 2244(d)(2). Pace v DiGuglielmo, 544 U.S. 408 (2005). Petitioner did not file a PCRA petition during the one-year grace period. Consequently, statutory tolling is unavailable.

**B.    Equitable Tolling**

The statute of limitations in the AEDPA is also subject to equitable tolling, which is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at

618-19 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases). The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).

Petitioner does not allege that he was misled by either the Commonwealth or state courts regarding pursuit of his habeas claim, or that he timely asserted his rights mistakenly in the wrong forum. Nor does he state that he was prevented, in some extraordinary way, from asserting his rights. Based on the foregoing, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely filed.

## IV. **Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: March 25, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LEE RONK, | : | CIVIL NO. 3:09-CV-0236 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| GEORGE N. ZANIC, DISTRICT ATTORNEY, STATE OF PENNSYLVANIA | : | |
| Respondent | : | |

## ORDER

AND NOW, to wit, this 25th day of March 2009, in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court